

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd Federal Building     304-253-6722
110 North Heber Street     FAX: 304-253-9206
Room 261
Beckley, WV 25801

June 25, 2018

Rachel E. Zimarowski, AFPD
Federal Public Defender's Office
300 Virginia Street, East
Room 3400
Charleston, WV 25301



      Re: United States v. Jerrod Grimes
          Criminal No. 5:18-00069 (USDC SDWV)

Dear Ms. Zimarowski:

    This will confirm our conversations with regard to your client, Jerrod Grimes (hereinafter "Mr. Grimes"). As a result of these conversations, it is agreed by and between the United States and Mr. Grimes as follows:

    1. **PENDING CHARGES.** Mr. Grimes is charged in a thirteen-count indictment as follows:

        (a) Counts One, Two, Three, Four, Five, Seven, Eight, Ten, Eleven and Twelve charge Mr. Grimes with a violation of 18 U.S.C. § 2243(b) (sexual abuse of a ward); and

        (b) Counts Six, Nine, and Thirteen charge Mr. Grimes with a violation of 18 U.S.C. § 2244(a)(4) (abusive sexual contact involving a ward).

    2. **RESOLUTION OF CHARGES.** Mr. Grimes will plead guilty to Counts Four, Seven, Ten, and Eleven of said indictment, each of which charges him with a violation of 18 U.S.C. § 2243(b) (sexual abuse of a ward), and Counts Six and Thirteen, each of which charges him with a violation of 18 U.S.C. § 2244(a)(4) (abusive sexual contact involving a ward). Following final disposition,



Defendant's Initials

Rachel E. Zimarowski, AFPD
June 25, 2018
Page 2

Re: Jerrod Grimes

the United States will move the Court to dismiss Counts One, Two, Three, Five, Eight, Nine, and Twelve in Criminal No. 5:18-00069 as to Mr. Grimes.

    3.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Grimes will be exposed by virtue of this guilty plea is as follows:

<u>**INDICTMENT - COUNTS FOUR, SEVEN, TEN AND ELEVEN - FOR EACH COUNT**
**(18 U.S.C. § 2243(b))**</u>

(a) Imprisonment for a period of up to 15 years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of not less than 5 years and up to life;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 2248, 3663A, and 3664, or as otherwise set forth in this plea agreement.

<u>**INDICTMENT - COUNTS SIX AND THIRTEEN - FOR EACH COUNT**
**(18 U.S.C. § 2244(a)(4))**</u>

(a) Imprisonment for a period of up to 2 years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of not less than 5 years


Defendant's Initials

Rachel E. Zimarowski, AFPD  
June 25, 2018                               Re: Jerrod Grimes  
Page 3

and up to life;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 2248, 3663A, and 3664, or as otherwise set forth in this plea agreement.

## TOTAL - INDICTMENT - COUNTS FOUR, SIX, SEVEN, TEN, ELEVEN, AND THIRTEEN

(a) Imprisonment for a period of up to 64 years;

(b) A fine of $1,500,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of not less than 5 years and up to life;

(d) A mandatory special assessment of $600 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 2248, 3663A, and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT.** Mr. Grimes has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Grimes agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.



Defendant's Initials

Rachel E. Zimarowski, AFPD
June 25, 2018                                    Re: Jerrod Grimes
Page 4


5.  **RESTITUTION**.  Mr. Grimes understands that, pursuant to 18 U.S.C. § 2248, the Court shall order restitution to the victims in this case for full amount of the victims' losses, if any.  Mr. Grimes further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible.  In aid of restitution, Mr. Grimes further agrees as follows:

(a) Mr. Grimes agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Grimes will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Grimes agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d) Mr. Grimes agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Mr. Grimes agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim. However, nothing in this provision is intended to

_____
Defendant's Initials

Rachel E. Zimarowski, AFPD
June 25, 2018                      Re: Jerrod Grimes
Page 5

        preclude the Court from ordering Mr. Grimes to pay a greater or lesser sum of restitution in accordance with law.

6. **PAYMENT OF MONETARY PENALTIES.** Mr. Grimes authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Grimes agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Grimes further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    Mr. Grimes authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

    In addition to any payment ordered by the Court, Mr. Grimes shall pay all monies received from lottery winnings, judgments, tax refunds, and any other source toward the court ordered restitution or fine.

    Mr. Grimes agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

                                                  _____
                                                  Defendant's Initials

Rachel E. Zimarowski, AFPD
June 25, 2018                           Re: Jerrod Grimes
Page 6


    7.    **COOPERATION.**  Mr. Grimes will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Mr. Grimes may have counsel present except when appearing before a grand jury.

    8.    **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Grimes, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    9.    **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Grimes for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Grimes for perjury or false statement if such a situation should occur pursuant to this agreement.

    10.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Grimes stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Mr. Grimes agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use



Defendant's
Initials

Rachel E. Zimarowski, AFPD
June 25, 2018                                    Re: Jerrod Grimes
Page 7

and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Grimes or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Grimes knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Grimes understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Grimes agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Counts Four, Seven, Ten and Eleven of the Indictment:

<u>USSG §2A3.3</u>

Base offense level                                            14

Adjusted offense level                                        14


Counts Six and Thirteen:

<u>USSG §2A3.4</u>

Base offense level                                            12


Defendant's Initials

Rachel E. Zimarowski, AFPD  
June 25, 2018                                          Re: Jerrod Grimes  
Page 8  

    Victim in custody/supervisory             + 2  
      control of defendant  

    Adjusted offense level                     14  

    <u>USSG §3D1.4(a)</u>  

    Base offense level - Count Four          14  

    Counts Six, Seven, Ten, Eleven, and     + 5  
      Thirteen  

    Adjusted offense level                     19  

    These calculations are made before consideration of reductions or increases for acceptance of responsibility (§3E1.1), vulnerable victim (§3A1.1) or obstruction (§3C1.1), all of which the parties reserve the right to address.

    The United States and Mr. Grimes acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

    12. **RULE 11(c)(1)(C) AGREEMENT**. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and Mr. Grimes agree that a sentence of imprisonment that does not exceed ten years is the appropriate sentence of imprisonment in this case. Mr. Grimes understands that this agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) is not binding on the District Court unless and until the District Court accepts this plea agreement. If the Court refuses to accept this plea agreement, Mr. Grimes has the right to void this agreement and may withdraw his guilty plea. The United States and Mr. Grimes may advocate for any sentence of imprisonment that does not exceed ten years.



Defendant's Initials

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The United States and Mr. Grimes knowingly and voluntarily waive the right to seek appellate review of any sentence of imprisonment imposed by the District Court on any ground, so long as that sentence of imprisonment is imposed as set forth in paragraph 12. Mr. Grimes also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) either of the statutes of conviction, 18 U.S.C. § 2243(b) and 18 U.S.C. § 2244(a)(4), is unconstitutional, and (2) his conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of either 18 U.S.C. § 2243(b) and 18 U.S.C. § 2244(a)(4).

Mr. Grimes also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Grimes knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **WAIVER OF DNA TESTING.** Mr. Grimes knowingly and voluntarily waives his right under 18 U.S.C. § 3600 to request DNA testing of any evidence in this case, including the right to request such testing after conviction. Mr. Grimes specifically agrees that:



Defendant's Initials

Rachel E. Zimarowski, AFPD
June 25, 2018                    Re: Jerrod Grimes
Page 10

    a. This waiver applies to DNA testing on all items of evidence in this case that could be subjected to DNA testing;

    b. He waives the right to request DNA testing in the current proceedings, in any proceeding following conviction under 18 U.S.C. § 3600, and in any other type of proceeding in which DNA testing may be requested, including motions for collateral relief pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241;

    c. As a result of this waiver, he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which he has agreed to plead guilty; and

    d. He has fully discussed the significance of DNA testing with his attorney, and that he is fully satisfied with his attorney's explanation and advice concerning DNA testing and the consequences of waiving the right to request DNA testing.

    16. **SEX OFFENDER REGISTRATION REQUIREMENT**. Mr. Grimes understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Grimes understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Grimes further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Grimes understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is



_____
Defendant's
Initials

punishable by a fine or imprisonment, or both.

    17.  **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. Except as provided in paragraph 12, the United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)  Respond to questions raised by the Court;

    (d)  Correct inaccuracies or inadequacies in the presentence report;

    (e)  Respond to statements made to the Court by or on behalf of Mr. Grimes;

    (f)  Advise the Court concerning the nature and extent of Mr. Grimes's cooperation; and

    (g)  Address the Court regarding the issue of Mr. Grimes's acceptance of responsibility.

    18.  **VOIDING OF AGREEMENT**.  If either the United States or Mr. Grimes violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    19.  **ENTIRETY OF AGREEMENT**.  This written agreement constitutes the entire agreement between the United States and Mr. Grimes in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges


Defendant's Initials

against Mr. Grimes in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

MICHAEL B. STUART
United States Attorney

By: /s/ John L. File
JOHN L. FILE
Assistant United States Attorney

JLF/tlc

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this twelve-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     25 Jun 18
Jerrod Grimes                        Date Signed
Defendant

_____     June 25, 2018
Rachel E. Zimarowski, AFPD           Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:18-00069

JERROD GRIMES

### STIPULATION OF FACTS

The United States and JERROD GRIMES stipulate and agree that the facts comprising the offenses of conviction in the Indictment in the Southern District of West Virginia, Criminal No. 5:18-00069 and the relevant conduct for those offenses, include the following:[1]

The Federal Prison Camp at Alderson ("FPC Alderson") is a federal prison located in or near Summers County, West Virginia, within the Southern District of West Virginia.

*DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA*

I was the Captain at FPC Alderson from about April 17, 2016, to about December 20, 2017, and at all pertinent times set forth in the Indictment. As the Captain I supervised all security and correctional functions at the prison. I had authority to start disciplinary proceedings against inmates and to dictate inmate housing and work assignments. I supervised all correctional staff. The inmates at FPC Alderson, including those individuals referenced in the Indictment, were under my custodial, supervisory and disciplinary authority by virtue of my position as Captain.

Each of the individual inmates referenced in the Indictment had been sentenced to a term of imprisonment and was serving her

---

[1] This Stipulation of Facts does not contain each and every fact known to JERROD GRIMES and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

**PLEA AGREEMENT EXHIBIT A**

sentence at FPC Alderson, and so each was in official detention at all pertinent times as set forth in the Indictment.

I engaged in all the conduct alleged in the Indictment, and I did so on each occasion knowingly and intentionally. On each occasion in which I engaged in sexual intercourse with an inmate as charged in the Indictment and as set forth below, that sexual intercourse involved contact between my penis and the inmate's vulva, including penetration of the inmate's vulva by my penis.

*Counts of Conviction*

With regard to Count Four: On or about July 12, 2017, I engaged in sexual intercourse with G., a female inmate, in the medical building at FPC Alderson.

With regard to Count Six: On an occasion in or around September, 2017, I placed my hand on the breast of A., a female inmate, over and through her clothing, with the intent of gratifying my sexual desire. This happened in my office at FPC Alderson.

With regard to Count Seven: On occasions between September, 2017 and December, 2017, I engaged in sexual intercourse with M., a female inmate, in my office at FPC Alderson.

With regard to Count Ten: On an occasion in or about November, 2017, I engaged in sexual intercourse with H., a female inmate, in my office at FPC Alderson.

With regard to Count Eleven: On or about November 7, 2017, I engaged in sexual intercourse with L., a female inmate, in the training center at FPC Alderson.

With regard to Count Thirteen: On or about November 27, 2017, I placed my hand inside the pants of B., a female inmate, and touched her groin and genitalia, with the intent of gratifying my sexual desire. This happened in my office at FPC Alderson.

*Other Counts*

With regard to Count One: On an occasion in or about November, 2016, I engaged in sexual intercourse with G., a female inmate, at the Warden's house at FPC Alderson.

With regard to Count Two: In or about April, 2017, I engaged in sexual intercourse with L., a female inmate, at the training center at FPC Alderson.

With regard to Count Three: On occasions between about May, 2017 and October, 2017, I engaged in sexual intercourse with L., a female inmate, at the training center at FPC Alderson.

With regard to Count Five: On occasions between about August, 2017 and November, 2017, I engaged in sexual intercourse with G., a female inmate, in my office at FPC Alderson.

With regard to Count Eight: On occasions between about September, 2017 and December, 2017, I engaged in sexual acts with M., a female inmate, in that on each occasion I engaged in and caused contact between my penis and M.'s mouth. These acts happened in my office at FPC Alderson.

With regard to Count Nine: On or about October 27, 2017, I placed my hand on the breast of B., a female inmate, over and through her clothing, with the intent of gratifying my sexual desire. This happened in my office at FPC Alderson.

With regard to Count Twelve: On an occasion between about November 15, 2017 and December 15, 2017, I engaged in sexual intercourse with H., a female inmate, in a bathroom in a unit team office area inside a housing unit at FPC Alderson.

Stipulated and agreed to:

_____                    25 Jun 18
JERROD GRIMES                                Date
Defendant

_____                    June 25 2018
RACHEL E. ZIMAROWSKI                         Date
Counsel for Defendant

_____                    6/26/2018
JOHN L. FILE                                 Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
3